UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  6:14-mj-01387-TBS

HARMETT SINGH
_____

ORDER

This case comes before the Court on the Government's Unopposed Third Motion for Determination that the "Ends of Justice" Warrant a Tolling of the Speedy Indictment Deadline for Defendant Harmett Singh (Doc. 18). The Government is asking the Court to toll the speedy indictment clock, 18 U.S.C. § 3161(b), from October 17, 2014 through November 14, 2014. As grounds it says the parties have entered into a plea agreement in Case No. 8:14-cr-183-T-23TGW and a change of plea hearing is set for November 4, 2014. If Defendant goes ahead with the plea, the Government will dismiss this case. Counsel for the Government represents that Defendant does not oppose the motion.

Title 18 U.S.C. § 3161(h)(7)(A) provides that the Court can grant a continuance of the deadline for charging a person by information or indictment if the Court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Id. The statute requires the Court to consider the following four non-exclusive factors in determining whether to grant a continuance:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the

trial itself within the time limits established by this section.

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

The Court has considered each of these factors and finds that none of them apply.  Accordingly, and for the reasons stated in the motion, it is GRANTED.  The deadline for the filing of an information or indictment against Defendant is EXTENDED through November 14, 2014.

ORDERED in Orlando, Florida on this 14th day of October, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Defendant